UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| VICENTE HERNANDEZ MELCHI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00488-JRO-MKK |
| | ) | |
| BRISON SWEARINGEN, | ) | |
| FIELD OFFICE DIRECTOR, | ) | |
| DAVID J. VENTURELLA, | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING WITHOUT PREJUDICE
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Vicente Hernandez Melchi, was charged as an inadmissible alien after he entered the United States and was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on July 3, 2026. He is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 32.

For the reasons explained below, the Court denies the petition without prejudice because Petitioner has not exhausted his administrative remedies.

**I. BACKGROUND**

Petitioner is a citizen of Mexico who has resided in the United States since 2020. Dkt. 1 at 22. On July 3, 2026, ICE officers arrested him pursuant to an I-200 administrative warrant and issued a Notice to Appear. Dkt. 8-1 at 1, 9.

The Notice to Appear charges Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not being in possession of required documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II. DISCUSSION

Petitioner claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 at 22–23. He also claims that his detention violates applicable bond regulations and is unlawful under the Due Process Clause of the Fifth Amendment. *Id.* at 23–30.

Respondents initially argued that Petitioner was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). In a series of prior orders, this Court agreed with Respondents' position. *E.g.*, *Vallejos-Hernandez v. Olson*, No. 2:26-cv-00398-JRO-MG, 2026 WL 1840067, at *3–7 (S.D. Ind. June 26, 2026). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A) [of the INA], and are eligible for bond hearings subject to the INA's other requirements." *Id.* at *2. The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a

2

factual matter, describe aliens who "entered the United States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at *7.

Respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 13 at 1.  Thus, no party disputes that Petitioner is eligible for a bond hearing.

However, Respondents ask the Court to dismiss this action and direct Petitioner to request a bond hearing, dkt. 13 at 2, rather than grant Petitioner relief.  Petitioner asserts that exhaustion of his administrative remedies should not be required.  Dkt. 1 at 4–8.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts."  *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)).  Exhaustion is no mere formality.

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).  This general rule often applies in immigration matters because "a comprehensive administrative review scheme

3

exists" and, in some cases, exhaustion is mandated by statute. *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Gonzalez,* 355 F.3d at 1016. Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez,* 355 F.3d at 1016 (quoting *Iddir,* 301 F.3d at 498); *accord McCarthy,* 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking an excuse from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir,* 301 F.3d at 498.

The Seventh Circuit's directive in *Cirrus Rojas* is clear: Petitioner is entitled to a bond hearing. Respondents acknowledge as much in their Notice of Adverse Decision. Dkt. 13. The Court has no factual or legal basis at this point to conclude that immigration officials will ignore *Cirrus Rojas*'s binding mandate in

4

this district.  Thus, the Court will require Petitioner to exhaust his administrative remedies before presenting his petition before this Court.  *Gonzalez*, 355 F.3d at 1016.  The practical difference in outcomes between Petitioner requesting a bond hearing and the Court ordering Respondents to hold such a bond hearing should be negligible.  Requiring the exhaustion of administrative remedies should not cause unreasonable delay.  The agency is able to provide Section 1226 bond hearings.  The request should not be futile given *Cirrus Rojas*'s mandate.  And there are no substantial constitutional questions that need to be addressed before Petitioner receives a bond hearing.

Federal courts should "prevent[] premature interference with agency processes, so that the agency may function efficiently . . . ."  *Weinberger*, 422 U.S. at 765.  So, out of "respect for the functions of the other branches," *Webster v. Doe*, 486 U.S. 592, 609 (1988) (Scalia, J., dissenting), the Court defers to the administrative process, especially in this case where "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982).  It is premature to step in now before the agency has had a chance to implement congressional policy, as interpreted by Seventh Circuit precedent, of giving Petitioner a Section 1226 bond hearing.

### III. CONCLUSION

The Court denies the petition without prejudice because Petitioner Vincente Hernandez Melchi has not exhausted his administrative remedies.  If

the administrative path proves ineffective to allow Petitioner to receive a bond hearing, he may file a new petition.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 8/7/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel